IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PHILIP CACURAK, )
    Petitioner, )
     )
    v. ) 2:17-cv-44
     )
COM. OF PENNSYLVANIA, )
    Respondent. )

REPORT and RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the petition of Philip Cacurak for a writ of habeas corpus (ECF No.3) be dismissed for failure to exhaust the available state court remedies and that a certificate of appealability be denied.

II. Report:

Philip Cacurak an inmate at the Indiana County Jail has presented a petition for a writ of habeas corpus. Cacurak is presently serving six months to two years less a day sentence imposed following his plea of guilty to changes of invasion of privacy at No.CP-32-Cr.917-2015, in the Court of Common Pleas of Indiana County, Pennsylvania. This sentence was imposed on March 28, 2016. No appeal was pursued.[1]

On January 10, 2017, Cacurak submitted a "Motion for post-conviction collateral relief" to this Court. In an Order entered on January 11, 2017, petitioner was advised that "if in fact he desires to submit a post-conviction petition he is notified to do so in the appropriate Court of Common Pleas, however, if the petitioner desires that this action be construed as a federal habeas corpus action, this action may not proceed unless and until the petitioner" submits the appropriate federal habeas corpus forms (ECF. No. 2). On January 24, 2017, he submitted the instant federal petition.

It is provided in 28 U.S.C. §2254(b) that:

> An application for a writ of habeas corpus in behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted unless it appears

---

[1] See: Petition at ¶¶ 1-9, and also CP-32-CR-917-2015 which is available at https://ujsportal.pacourts.us

> that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

That is, the state court determination must be objectively unreasonable. Renico v. Lett, 130 S.Ct. 1855 (2010). This is a very difficult burden to meet. Harrington v. Richter, 131 S.Ct. 770 (2011).

In the instant case as verified from the Common Pleas docket and the petitioner's concession he has not exhausted the available state court remedies. Since he was sentenced on

2

March 28, 2016 and no appeal was pursued, his conviction became final on April 27, 2016 when the time in which to appeal expired. Gonzalez v. Thaler, 132 S.Ct. 641 (2012). Pennsylvania permits the filing of a post-conviction petition up until one year after the conviction becomes final. 42 Pa.C.S.A. § 9545. Thus, this remedy is still available to Cacurak and for this reason, it is recommended that his present petition be dismissed for failure to exhaust state court remedies, and because reasonable jurists could not conclude that a basis for relief exists, that a certificate of appealability be denied.

      Litigants who seek to challenge this Report and Recommendation must seek review by a district judge by filing objections within fourteen (14) days of this date and mailing them to United States District Court, 700 Grant Street, Pittsburgh PA 15219-1957. Failure to file timely objections will waive the right to appeal.

Filed: January 25, 2017

Respectfully submitted,
s/ Robert C. Mitchell
United States Magistrate Judge